UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**GENE DESHAWN M. WATKINS**                                                                 **PLAINTIFF**

v.                                                                       **CIVIL ACTION NO. 3:15CV-646-JHM**

**SHIVELY POLICE DEPT** *et al.*                                                            **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on initial review of Plaintiff Gene DeShawn M. Watkins' *pro se*, *in forma pauperis* complaint pursuant to 28 U.S.C. § 1915(e)(2). For the reasons that follow, a portion of the claims will be dismissed, and the claims surrounding Plaintiff's arrest on February 7, 2015, will continue.

**I.**

Plaintiff filed his action on a general complaint form. In the caption, he lists "Shively Police Dept" as Defendant. In the parties section of the form, he lists "Sheivly Police Dept" and "Ofc Bacon" as Defendants. As grounds for filing this action in federal court, Plaintiff writes: "Ofc Teague arrested me he had no badge or know his badge number he had a shirt w/a emblem w/no badge number on it he didnt read me my rights he took me hostage." In the "Statement of claim" section of the form, Plaintiff claims as follows:

> Feb/7/15  I was takened hostage and held captive the Ofc Ofc Teague didnt know his badge number or have a badge on him I asked several times what's your badge number he wouldnt tell me its all on the squad car camera's if the squad car had audio it pick what was said up I got a terroristic Threat on the police scanner in Ofc Teague vehicle some cop said "Kill Him" Kill him meanin me[.]

As relief in the complaint form, Plaintiff states, "I would like to have the resolved I like my lic reinstated on ground that the cop lied in depositions."

To the complaint form, Plaintiff attached three more pages of allegations. The following portions from the attachments sufficiently sets forth his claims therein:

> Ofc. Teague . . . didn't have a badge he violated my civil liberties plus he was impersonatin an officer that day why he had no badge also Ofc Bacon didnt pull me to the side Ofc Teague made the arrest that weed wasnt placed on Ofc Bacon squad car and Officer Bacon wasnt the first to the scene an off duty sherriff was present to watch the arrest . . . Teague was the arrestin ofc "while the drugs were placed on the back of Ofc. Bacon police care" it was Ofc Teagues vehicle the drugs was placed on also I didn't run I walked why cuz my landlord approached me and said Gene Gene isnt my name that's mistaken Identity I wasnt combative I was askin Ofc Teague what was his badge number cuz I didnt see a badge but a emblem w/no badge number on the shirt . . . Ofc. Bacon later showed up to the scene in his statement he said "Ofc Bacon caught up with Plaintiff" also by Ofc Teague comin to my old home say he was goin to talk to me about my wittnesses meanin the Discovery he was their for that he tried to intemedate me a wttness by comin over to my old apt intemedation and retaliation is against the law plus I was falsely imprisoned the handcuffs put on me was to tight that assualt all this stems from mistakened identity and then it went to deadly intent to becomin a hostage to bein held captive and why all cuz he didn't have a badge or know his badge number . . . plus sheivly police is extortin agents federal agents in them apt complexes I told u I heard from apt 202 that the sheivly police was pistol woopin agents in apt 204 a lil birdie told me also this was goin on also camera's didnt pick up a napkin w/weed in it it was a baggie w/weed in it see how the truth have been altered in his statement its all on camera clearly it shows my civil liberties violated purjury that's what ofc Teague did Feb/7/2015 . . . I wasnt read my rights[.]

Plaintiff further alleges:

> now I put in my lawsuit conspiracy to commit murder, attempt of murder and deadly intent and to come to my old apt to intemedate me as a wittness he should be held to every charge I wrote cuz goin to my old apt to "pre-conference" to "discuss a possible discovery plan" he got holes all in conference statements[1] which I am pointin out in this lawsuit this has caused me mental Distress I like to be compensated 100 mil for my pain and sufferin I like my Drivers Lic Reinstated on grounds that the arrestin cop purjured him self in a deposition Ofc Teague is falsefy evidence obstruction of justice, destroyin evidence lyin on a federal lawsuit is punishable by 5 to 7 years federal for a cop[.]

---

[1] In mentioning conference statements and a discovery plan, Plaintiff may referring to another case he filed against the City of Shively Police Department, 3:15CV-409-CRS, which has been dismissed for failure to prosecute.

## II.

Because Plaintiff is proceeding *in forma pauperis*, the Court must review his complaint under 28 U.S.C. § 1915(e). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will

not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III.

Because Plaintiff alleges a violation of his "civil liberties" by the government, the Court construes this action as being brought pursuant to 42 U.S.C. § 1983, the civil-rights statute providing a remedy for constitutional violations brought against defendants acting under color of state law. *Thomas v. Shipka*, 818 F.2d 496, 499 (6th Cir. 1987) ("[I]n cases where a plaintiff states a constitutional claim under 42 U.S.C. § 1983, that statute is the exclusive remedy for the alleged constitutional violations."), *vacated and remanded on other grounds*, 488 U.S. 1036 (1989).

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Shively Police Department

The Shively Police Department is not a "person" subject to suit under § 1983 because municipal departments, such as police departments, are not suable under § 1983. In this situation, the City of Shively is the proper defendant. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (holding that since the police department is not an entity which may be

sued, the county is the proper party); *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a sheriff's department is not a legal entity subject to suit under § 1983).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in original). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

Plaintiff fails to allege facts demonstrating that any purported wrongdoing by the officers or injury to him occurred as a result of a policy or custom implemented or endorsed by the City of Shively. Accordingly, the complaint fails to establish a basis of liability against the municipality and fails to state a cognizable § 1983 claim. Therefore, the claims against the Shively Police Department and the City of Shively will be dismissed.

### *B. Ofcs. Bacon and Teague*

Plaintiff identifies Ofc. Bacon as a Defendant on the complaint form. While Ofc. Teague is not specifically listed as a Defendant, the Court construes the complaint liberally, as it must on initial review, and concludes that Ofc. Teague is a Defendant given the allegations against him and because Plaintiff seeks relief for actions purportedly taken by Ofc. Teague.[2]

Having made that determination, the Court will address Plaintiff's claims against these Defendants. To the extent Plaintiff seeks to have the officers charged with crimes, "[i]t is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General." *Powell v. Katzenbach*, 359 F.2d 234, 235 (D.C. Cir. 1965). Only federal prosecutors, and not private citizens, have authority to initiate federal criminal charges. *See Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986); *see also United States v. Nixon*, 418 U.S. 683, 693 (1974) ("Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case."); *see also Saro v. Brown*, 11 F. App'x 387, 388 (6th Cir. 2001) ("A private citizen has no authority to initiate a federal criminal prosecution; that power is vested exclusively in the executive branch."). Because "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another," *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973), Plaintiff's criminal claims will be dismissed.

Although the complaint is not the model of clarity, the Court construes it as alleging constitutional claims against Ofcs. Bacon and Teague for their actions leading up to and following Plaintiff's arrest on February 7, 2015. The Court will allow those claims to continue for further development.

---

[2] Additionally, in the summons form attached to the complaint, Plaintiff directs the summons to "(Ofc Teague) Sheively Police Dept" (DN 1-1).

## IV.  ORDER

For the foregoing reasons, and being otherwise sufficiently involved,

**IT IS ORDERED** that the § 1983 claims against the Shively Police Department and City of Shively and the criminal claims against Ofcs. Bacon and Teague are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

As to the constitutional claims proceeding against Defendants Ofcs. Bacon and Teague arising out of the February 7, 2015, incident, **IT IS FURTHER ORDERED** as follows:

(1)     The **Clerk of Court shall issue summonses for Ofcs. Bacon and Teague, and the U.S. Marshals Service shall serve** a copy of the complaint, this Order, and summons on Defendants Ofcs. Bacon and Teague in accordance with Rule 4 of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 4(c)(3).

(2)     The parties shall serve upon each party, or their counsel, a copy of each document filed in this action as required by the Federal Rules of Civil Procedure, including a certificate of service stating the date on which a copy was sent to opposing parties.  Any paper received by the Court which has not been filed with the Clerk, or which fails to include a certificate of service, **may be disregarded** by the Court.

(3)     Plaintiff must provide written notice of a change of address to the Clerk and to Defendants' counsel.  *See* LR 5.2(d).

(4)     Plaintiff is **WARNED** that failure to notify the Clerk of Court of any address change or failure to comply with any order of the Court **MAY RESULT IN A DISMISSAL OF THIS CASE**.

(5) The **Clerk of Court is DIRECTED** to send Plaintiff a *Pro Se* Non-Prisoner Handbook.

Date: February 2, 2016

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Plaintiff, *pro se*
     Defendants
4414.005